**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Case No. 23 CR 54 (TSC)** |
| | : | |
| **DAMION BYRD,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of **121 months of incarceration** and 3 years of supervised release. The government argues, and the presentence report concurs that 2-level obstruction enhancement applies in the defendant's guidelines. Therefore, as reflected in the plea paperwork[1], the defendant is not entitled to a 2-level reduction pursuant to § 3E1.1 or the additional 1-level reduction pursuant to § 3E1.1(b). In support of this sentence, the government states the following:

**I.        Factual Summary**

On December 20, 2023 the defendant pled guilty to two counts of Interference with Interstate Commerce by Robbery, in violation of Title 18, United States Code, Section 1951. The defendant accepted a factual proffer of his guilty plea that included the following facts:

On December 13, 2022 at approximately 11:41 p.m. the defendant entered the 7 Days Market convenience store (a business that operates in interstate commerce) located at 2310 Rhode Island

1

Avenue, Northeast, Washington, D.C. and asked for juice.  The victim (V-1), informed the defendant that the juice was in the refrigerator.  The defendant retrieved a bottle of water from the refrigerator and walked towards the counter.  Once at the counter the defendant tossed a $1 bill.  The defendant then pointed a firearm at V-1 and stated, "I need the money all the money you have." V-1 emptied the register and gave the money to the defendant.  The defendant left the location with approximately $250 and fled the scene.

On December 14, 2022 at approximately 12:00 a.m. the defendant entered Pizzarro (a business that operates in interstate commerce) located at 467 Florida Avenue, Northwest, Washington, D.C. The defendant entered the business, approached victim two (V-2) behind the counter, brandished a firearm and demanded money.  V-2 complied and gave the defendant $169.  The defendant then fled the store.

On December 14, 2022 at approximately 12:43 a.m. the defendant went to the drive-thru window of a McDonalds (a business that operates in interstate commerce) located at 3901 Minnesota Avenue, Northeast, Washington, D.C.  The defendant approached the window in a silver colored sedan, exited the vehicle and pointed a firearm at Victim 3 (V-3) and stated, "open the register and I won't shoot." V-3 then ran away from the window and the defendant grabbed the cash register and fled in the vehicle.   The cash register had approximately $200 in the register.

On January 13, 2022 law enforcement executed a search warrant at the defendant's residence at 225 Century Place, #2317 in Alexandria Virginia and recovered a number of items including a Glock pistol, Model 23, Serial No. KNZ924 and Glock pistol magazine, .40 caliber from the pocket side of a couch.

---

[1] As part of the plea agreement the defense will argue that the obstruction enhancement does not apply.

**Jail Call**

On January 17, 2023 the defendant while incarcerated had the following jail call conversation:

6:35 (Defendant):  My apartment door number is 2317 it is on the third floor…right all right, when you get to the door all you need is a code the code to the door is…

7:28 (Defendant):  The main spot is on the side of the couch, there is a pocket on the side of the couch and my room under the laundry basket.

7:40 (caller):  Side couch, pocket and who else?

7:44 (Defendant): In the bedroom there is a walk-in closet look under the laundry basket…I got two more junks, I got a big junk, like 6k, moth******** …I got a pink Gucci bag on the top closet with my important papers.

On January 21, 2023 the defendant while incarcerated had the following jail call conversation:

14:45 (caller):  Who telling on you? … That is what I am trying to figure out?

Defendant:  Oh yeah, so look, you know my ex right…the Spanish joint (unintelligible)…her mother bro, her mother bro I meant to tell you look, its her mother, she a fine lady, but look, I know her address bro, I want someone to go up there and talk to her bro, she is the sweetest lady ever but she know about everything about my life my (unintelligible)…I don't know why she is doing shit like this but she is the is the sweetest lady ever, bro she working 9-5 bro, she got two older kids, two little ones bro, she…she I want, I want someone to go over there be like…

15:56 (caller):  Write it on a paper, we get a paper, write it on a paper.

Defendant: All right

3

On January 23, 2023 the defendant while incarcerated had the following jail conversation with another caller:

7:35 (defendant):  You don't want the lady's address?

Caller:  Which one, oh oh oh yeah, what is it?

Defendant:  [Address]

Caller:  Is that the one by Nannie Helenberry?

Defendant:  Ya if you take…..to Bladensburg like as soon as you keep going.

Caller:  Okay

Defendant:  Bladensburg, Maryland, 2017

Caller:  Okay, what is her name?

Defendant:  [Witness name]

Caller:  What is her last name?

Defendant: [Witness name]

## II.      Procedural History

On February 21, 2023, the defendant was indicted on three counts of Interference with Interstate Commerce by Robbery, in violation of Title 18, United States Code, Section 1951.   The defendant pled guilty to Count 1 and 3 pursuant to a negotiated plea agreement on December 20, 2023. *See* ECF No. 14.

## III.     Sentencing Factors

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a*). See United States v. Gall*,

128 S. Ct. 586, 596 (2007).   Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). *United States v. Rita*, 127 S. Ct. 2456, 2463-65 (2007). The Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

    1.  <u>Statutory Penalties and the U.S. Sentencing Guidelines</u>

The offense of Interference Commerce by Robbery in violation of 18 U.S.C. § 1951, carries with it a maximum sentence of 20 years of imprisonment; a fine of $250,000; and a term of supervised release of not more than three years.

    A.  **<u>Offense Level Calculation</u>**

The government agrees with the Offense Level calculation within the presentence report as 30.

**Count 1**

| U.S.S.G.  § 2B3.1(a) | Base Offense Level (extended magazine) | 20 |
|---|---|---|
| U.S.S.G.  § 2B3.1(b)(2)(b) | Specific Offense Characteristics | +6 |
| | Level | 26 |

**Count 3**

| U.S.S.G.  § 2B3.1(a) | Base Offense Level (extended magazine) | 20 |
|---|---|---|
| U.S.S.G.  § 2B3.1(b)(2)(b) | Specific Offense Characteristics | +6 |
| | Level | 26 |

**Multiple Counts (Chapters 3D)**

U.S.S.G.  § 3D1.1(a)(3)          Grouping of Counts                          +2


**Obstruction**

U.S.S.G.  § 3C1.1              Obstruction                                 +2

                                                              Total   30

B.  <u>**Criminal History Category**</u>

The Defendant has the following prior convictions (resulting in 4 criminal history points) and is therefore in Criminal History Category III:

- Unauthorized Use of a Vehicle / Washington, D.C. (2019 DEL  707) [1 point, 4A1.2(d)(2)(B)];

- Burglary One; Theft Second Degree; Credit Card Fraud-misd. / Washington, D.C. (2019 DEL 1082] [1 point, 4A1.2(d)(2)(B)];

- Burglary Two / Washington, D.C. (2020 DEL 146) [1 point, 4A1.2(d)(2)(B];

- Unlawful Entry of a Motor Vehicle (2020 DEL 275) [1 point, 4A1.2(d)(2)(B];

Since the obstruction provision applies the defendant is not entitled to a 2-level reduction pursuant to § 3E1.1 or the additional 1-level reduction pursuant to § 3E1.1(b).   Therefore, the defendant's total guideline range is 121 months to 151 months.

C.  <u>**Argument**</u>

The nature of this offense coupled with the defendant's criminal history illustrates his dangerousness.  On September 16, 2019 the defendant pled guilty to Unauthorized Use of a Vehicle in 2019 DEL 707 where he operated an owner's vehicle without his permission.  Two months later, on November 15, 2019 the defendant pled guilty to breaking into a residence and stealing a purse that

6

contained the owner's credit cards, driver's license and medical insurance in 2019 DEL 1082.   On March 12, 2020 the defendant pled guilty to another burglary charge where he entered into a victim's room with the intent to take the owners belongings in 2020 DEL 146.   On April 30, 2020 the defendant pled guilty to Unlawful Entry of a Motor Vehicle where he entered a rental vehicle belonging to DYRS and took a GPS device in 2020 DEL 275.

The defendant's criminal history shows a lack of respect of property, boundaries, and are examples of violations of personal space.   This criminal history has now carried over into adulthood, as the defendant is arming himself with firearms, breaking into commercial establishments and threatening employees for money.

The defendant participated in several string armed robberies in late November and December in both Maryland and Washington, D.C.   In Maryland, the defendant committed or attempted to commit robberies on November 24, 2022, December 22, 2022 and December 27, 2022 while wearing a unique sweatshirt with a 1977 emblem.[2]   He was also wearing a construction vest in the December 22, 2022 robbery.   The construction vest was recovered in the defendant's apartment in Virginia and the defendant was wearing the 1977 sweatshirt when he was arrested in Washington, D.C.   The defendant's Maryland cases are still pending in C-16-CR-23-002534.

---

[2]   On November 24, 2022 the defendant and an unknown suspect entered the Schreiber Country Store located at 4421 Wheeler Road, Oxon Hill, Maryland, pointed their firearms at the tellers and attempted to rob the establishment.   The employee locked himself in the store and refused to come out. The defendant was wearing a 1977 jersey.   On December 22, 2022 the defendant, wearing a 1977 jersey entered the T-Mobile Store located at 7732 Annapolis Road, Lanham, MD.   The defendant demanded Iphones, Apple Watches and money.   The store employee stated that she was unable to retrieve any of the items and the defendant fled the scene in a black sedan.   On December 27, 2022 at 4:15 a.m. the defendant again wearing the 1977 jersey kicked in the front door of a Dunkin Donuts located at 6412 Central Avenue, Capitol Heights, Maryland.   Armed with a gun he demanded money and fled the scene with $290.00.   On the same day he broke into the Price Busters Furniture & Mattress Store on 7870 Central Avenue, Capitol Heights, Maryland.   The defendant was unable to take any items.



November 24, 2022



December 22, 2022



December 27, 2022

When the defendant was arrested on January 11, 2023 he was wearing the same 1977 sweatshirt, carrying a firearm and was charged separately in Superior Court, 2023 CF2 217 for Carrying a Pistol Without A License.


January 11, 2023

In the instant cases, the defendant conducted three armed robberies that all occurred within a span of two hours, one that happened on December 13, 2022 and two that occurred on December 14, 2022.  The armed robberies were captured on surveillance footage and showed the defendant using a black handgun with an extended magazine.  The defendant was wearing a black White Sox hat with a sticker on it, a black jacket with a metallic button at the wrist, black pants, diamond studded earrings, black shoes with purple markings, as well as a black mask.  The defendant was caught on surveillance video at each location.

**First Armed Robbery, December 13, 2022, Time: 11:41 p.m.**

The 7 Days Market is a convenience store located at 2310 Rhode Island Avenue, N.E. and is a family owned business.  On December 13, 2022 at approximately 11:41 p.m. the defendant entered the store and asked for juice.  The owner of the store informed the defendant that the juice is in the beverage fridge.  The defendant retrieved a bottle of water from the refrigerator and walked towards the counter.  Once at the counter the defendant tossed a $1 bill. The defendant then pointed a firearm at the owner and stated, "I need the money, all the money you have."  The owner, scared, emptied the register and gave the money to the defendant.  The defendant left the location with approximately $250 and left the $1 bill on the counter.  Stills from surveillance within the store are below:



7-Day Market Robbery



7-Day Market Robbery

**Second Armed Robbery, December 14, 2022, Time: 12:00 a.m.**

Shortly thereafter, the defendant went to the Pizzarro which is located at 467 Florida Avenue, N.W. It is approximately 15 minutes away by car from the 7 Day Market. The defendant entered the store, brandished a firearm and again demanded money. He was wearing the same clothing that he was wearing while robbing the 7 Days Market. The victim, a teller, complied and gave the defendant $169.00. The defendant then exited the store. Surveillance footage from the store is limited, a Ring Video and an overhead video captured the incident. Stills from the overhead surveillance within the store are below:



Pizzarro Robbery

**Third Armed Robbery, December 14, 2022, Time: 12:43 a.m.**

Approximately forty minutes later the defendant proceeded to rob the McDonald's located at 3901 Minnesota Avenue, N.E.   The McDonald's employee was at the drive through window and received a request for two McChicken sandwiches.   Shortly thereafter, a silver colored sedan pulled up to the drive-thru window.   Suspect 2 pointed a black handgun with a red laser sight at the teller.   The defendant then ran from around the rear of the vehicle towards the drive thru window with a black handgun with a blue trigger and pointed it at the employee and stated, "open the register and I won't shoot."   The employee subsequently ran away from the drive-thru window.   The defendant then

12

grabbed the cash register and fled in the vehicle.  The cash register contained approximately $200 – $300 and the incident was captured on surveillance footage.  Stills from the overhead surveillance within the store are below:



McDonald's Robbery



McDonald's Robbery



McDonald's Robbery



McDonald's Robbery



McDonald's Robbery



McDonald's Robbery

**U.S.S.G.  § 3C1.1 Obstructing or Impeding the Administration of Justice**

The defendant's jail calls, as included in his statement of offense, illustrate how he attempted to influence a key witness in this case and how he directed another individual to retrieve firearms and papers from his apartment.   U.S.S.G. § 3C1.1 states that if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct, or (B) a closely related offense, increase the offense level by 2 levels."   Application note 4A addresses examples of covered conduct which includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so."   Application note 4D illustrates additional examples of covered conduct such as "destroying to concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding…or attempting to do so."

In the January 17, 2023 jail call, the defendant clearly directs an individual to go to his apartment and retrieve certain items.  Specifically, he directs the individual to retrieve an item from "a pocket on the side of the couch."  Law enforcement recovered the Glock 23 form the side of the couch. In the same jail call he directs the individual to retrieve an item from the bedroom that he refers to as the "big junk."  The big junk is the Palmetto State Armory firearm that was retrieved behind a bedroom door.



Glock 23 firearm



Palmetto semiautomatic

On the January 21, 2023 jail call the defendant asks an individual to contact the identifying

witness in this matter.  Specifically, he says, "… I want someone to go up there and talk to her bro, she

is the sweetest lady ever but she know about everything about my life my (unintelligible)…I don't

know why she is doing shit like this but she is the is the sweetest lady ever, bro she working 9-5 bro, she got two older kids, two little ones bro, she…she I want, I want someone to go over there be like…" On the January 23, 2023 jail call he provides the identifying witness home address.[3]

The defendant's actions, by directing someone to talk to a key witness and by having someone go to his apartment and retrieve illegal firearms is a clear and blatant example of how the defendant was attempting to obstruct this case.

**Search Warrant Execution at the Defendant's Apartment**

On January 13, 2022, two days after the defendant was arrested, law enforcement executed a search warrant at the defendant's residence at 225 Century Place, #2317 in Alexandria, Virginia.   In addition to the recovered firearms, law enforcement recovered ammunition magazines, thirteen air pod pros, a security vest, a construction vest as well as three unopened boxes of Iphones.



Ammunition Magazines

---

[3] Law enforcement spoke to the identifying witness, and she stated that nobody had reached out to her.

18



Ammunition Magazines



Iphones and Airpod pros

**Dangerousness**

The defendant used a firearm in each of the three robberies and terrorized the community.  He

was in possession of a firearm when he was arrested, had additional firearms in his apartment and had

significant ammunition.  Courts have emphasized the *inherent* dangerousness of carrying a concealed,

loaded firearm on one's person.  *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9

(D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a

concealed or loaded firearm in public poses a risk of danger to the public."); *see United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence).  The defendant's crimes are not isolated from the community he lives in, rather they directly affect the community and the people who live in it.  In Washington D.C., the rate of violent crimes committed with guns in the continues to rise: between July 2, 2021 and July 2, 2024, violent crimes committed with a gun went up by 2,637 citywide compared to the  previous three years. *Crime Cards*, MPD:  https://crimecards.dc.gov/all:violent%20crimes/with%20a%20gun/3:years/citywide:heat   (last visited July 2, 2024).

### IV.   Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to a sentence of **121 months of incarceration** to be followed by a term of 3 years of supervised release.  The government submits that a sentence of **121 months of incarceration** is an appropriate sentence, which serves to protect the community, punish the defendant for his criminal conduct, and deters others from committing similar offenses, while also affording the defendant an  opportunity at rehabilitation.   The  government  submits  that  a  sentence  of **121 months of incarceration** serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully Submitted,
MATTHEW GRAVES
UNITED STATES ATTORNEY

BY:       _____/s/_____
SHEHZAD AKHTAR
D.C. Bar No. 493635

Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7498
E-mail: Shehzad.Akhtar@usdoj.gov

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Mary Petras, via the electronic case filing system, this 17th day of July, 2024.

_____/s/_____

 SHEHZAD AKHTAR

Assistant United States Attorney